**FILED**
VANESSA L. ARMSTRONG, CLERK

NOV 19 2012

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA            PLAINTIFF

v.            CRIMINAL NO. 1:12-CR-00030-JHM

ELIZABETH A. SMITH            DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by David J. Hale, United States Attorney for the Western District of Kentucky, and defendant, Elizabeth A. Smith, and her attorney, Peter Cohron, have agreed upon the following:

1. Defendant agrees to waive Indictment by the grand jury and to plead guilty to a felony Information which will be filed against defendant by the United States Attorney for the Western District of Kentucky. That information will charge defendant with violations of Title 18, United States Code, Section 1028A, and Title 21, United States Code, Section 843(a)(3).

2. Defendant has read the charges against her contained in the Information, and those charges have been fully explained to her by her attorney. Defendant fully understands the nature and elements of the crimes with which she has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 1, 2 and 3 in this case. Defendant will plead guilty because she is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

1

All events occurred in the Western District of Kentucky. Elizabeth A. Smith (Smith) was a pharmacist employed by Walgreens Pharmacy. Between April 2011 and January 2012, Smith used patient names and doctor names and DEA numbers to create fraudulent prescriptions for controlled substances such as hydrocodone (a Schedule III controlled substance). Smith filled the prescriptions without the patient's or doctor's knowledge, and kept the pills for personal use.

On approximately December 12, 2011, while working at a Walgreens in Glasgow, Kentucky, Smith used patient K.R.'s name, and doctor G.S.'s name and DEA number, without K.R.'s or G.S.'s knowledge or authority, in furtherance of wire fraud. Smith used K.R.'s name and G.S.'s name and DEA number to order a fraudulent prescription for 120 hydrocodone pills. Smith entered the prescription into the Walgreens computer system, causing a wire transmission to be sent in interstate commerce, and Smith defrauded Walgreens of property and money by fraudulent pretenses by reducing the amount due for the prescription from $137.94 to $20. Smith paid the $20 with her own personal credit card.

On approximately January 5, 2012, while working at a Walgreens in Madisonville, Kentucky, Smith used patient T.R.'s name, and doctor S.S.'s name and DEA number, without T.R.'s or S.S.'s knowledge or authority, in furtherance of wire fraud. Smith used T.R.'s name and S.S.'s name and DEA number to order a fraudulent prescription for 180 hydrocodone pills. Smith entered the prescription into the Walgreens computer system, causing a wire transmission to be sent in interstate commerce, and Smith defrauded Walgreens of property and money by fraudulent pretenses by reducing the amount due for the prescription from $131.37 to $5. Smith paid the $5 with her own personal credit card.

4.      Defendant understands that the charges to which she will plead guilty carry a combined minimum term of imprisonment of 2 years and a combined maximum term of imprisonment of 8 years, a combined maximum fine of $750,000, and a 1 year term of supervised release.  Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that she will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

6.      Defendant understands that by pleading guilty, she surrenders certain rights set forth below.  Defendant's attorney has explained those rights to her and the consequences of her waiver of those rights, including the following:

      A.      If defendant persists in a plea of not guilty to the charges against her, she has the right to a public and speedy trial.  The trial could either be a jury trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

      B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other

evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

  C. At a trial, defendant would have a privilege against self-incrimination and she could decline to testify, without any inference of guilt being drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which she pleads guilty.

8. Defendant understands that the United States will inform the court that it should order payment of a total of $1,120.75 in restitution payable to Walgreens. The defendant further understands that she may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $300.00 to the United States District Court Clerk's Office **by** the date of sentencing.

10. At the time of sentencing, the United States and defendant will

>   -agree that a sentence of 25 months imprisonment, followed by one
>   year of supervised release, is the appropriate disposition of this
>   case.

4

-agree that a reduction of 2 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) is appropriate, provided the defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw her plea.

-agree that restitution in the amount of $1,120.75 will be paid in full on or before the date of sentencing.

11. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3

12. Defendant is aware of her right to appeal her conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives her right (a) to directly appeal her conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, to contest or collaterally attack her conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

13. Nothing in this Agreement shall protect defendant in any way from prosecution for any offense not specifically addressed by the Information and Plea Agreement in this case.

14. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to

5

defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

15. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

17. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that she has informed the United States Attorney's Office and the Probation Officer, either directly or through her attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which she has agreed, she is in material breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw her guilty plea because of her breach.

18. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and

defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

DAVID J. HALE
United States Attorney

By:

_____     11/19/12
David Weiser                     Date
Assistant U.S. Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____     11/19/12
Elizabeth A. Smith               Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____     11/19/12
Peter Cohron                     Date
Counsel for Defendant

DJH:DW:jb:11152012

7